CARLTON, J.,
joining in part:
¶ 116. I concur in result with the majority opinion to affirm the conviction and sentence imposed by the trial court. I also concur in part with the analysis of the separate opinion of Judge Wilson where he concurs in part regarding the evidence and instruction of flight. Specifically, I concur with Judge Wilson’s finding of no abuse of discretion by the trial court in admitting the evidence of Kuebler’s flight or by giving the jury instruction on flight.
¶ 117. While I concur in result with the majority, I also submit that the record fails to show the State suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or Uniform Rule of Circuit and County Court Practice 9.04(A)(5), with respect to the gunshot-residue kit collected from Tamra. The record reflects that the State provided the defense with open discovery of evidence, including documentary evidence, lab reports, and evidence collected from the crime scene and victim for the defense’s due-diligence review and inspection. Tamra’s gunshot trace residue collection kit was not new evidence — the record reflects that the gunshot trace residue was collected during Tamra’s autopsy on June 30, 2010, the date of Tamra’s death. Further, the record shows that the gunshot residue collection kit was then submitted to the lab as submission number 005(a-c) on that same date, June 30, 2010.
¶ 118. Since the lab received no request from the defense or the State to test the kit, the kit was subsequently returned to the submitting law enforcement agency. See Davis v. State, 897 So.2d 960, 966-67 (¶ 15) (Miss.2004). I submit that the defense’s failure to request its own testing of evidence collected and submitted to the Mississippi Crime Lab does not render the evidence to be new or suppressed. See Parker v. State, 606 So.2d 1132, 1141 (Miss.1992) (reversed on other grounds of circumstantial-evidence instruction) (The supreme court found “the State did not withhold the DNA test results ... from the defendant because they did not exist.” Additionally, the supreme court found no suppression of evidence where the State collected DNA in 1988, and the DNA was submitted for testing on September 6, 1989. The State received the results of the DNA testing on October 12, 1989, and informed the defense that it received the results on that same date.).